UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN EARL YARBER, | No. 2:15-cv-1972 CKD P |
| Plaintiff, | |
| v. | ORDER |
| JOHN MUSTAPHA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to the jurisdiction of a magistrate judge to conduct all proceedings in this action.  (ECF No. 4.)

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

1 the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2 exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3       The court is required to screen complaints brought by prisoners seeking relief against a
4 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989); Franklin, 745 F.2d at 1227.

15       In order to avoid dismissal for failure to state a claim a complaint must contain more than
16 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17 of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
18 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
20 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
21 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
23 at 678.  When considering whether a complaint states a claim upon which relief can be granted,
24 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
25 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
26 U.S. 232, 236 (1974).

27       Here, plaintiff names as defendants two Placer County employees, public defender John
28 Mustapha and court reporter Tiffany Huffman.  (ECF No. 1 at 3.)  His claims concern the conduct

1  of his trial and sentencing.  (Id. at 4.)  The relief he seeks includes both damages and "immediate

2  release . . . from confinement[.]"  (Id.)

3        Claims concerning plaintiff's trial and sentencing are not cognizable under §1983.  A

4  habeas corpus petition pursuant to 28 U.S.C. § 2254 is the correct method for a prisoner to

5  challenge the legality or duration of his confinement.[1]  Badea v. Cox, 931 F.2d 573, 574 (9th

6  Cir.1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes

7  to Habeas Rule 1, 1976 Adoption.

8        In fact, plaintiff has filed a habeas action challenging his 2014 domestic violence

9  conviction and sentence on the grounds that (1) his public defender, John Mustapha, provided

10  ineffective assistance of counsel, and (2) court reporter Tiffany Huffman had a conflict of interest

11  because she is the sister of plaintiff's alleged victim.  Yarber v. Placer County Superior Court,

12  2:15-cv-1973 AC P (E.D. Cal.).  On September 30, 2015, that action was dismissed without

13  prejudice because it was "wholly unexhausted in the state courts."  (Id., ECF No. 7.)  Plaintiff's

14  allegations in the instant action are duplicative of his recently-closed habeas case.

15        Accordingly, the undersigned will dismiss this action for failure to state a claim.  Because

16  amendment would be futile, dismissal with prejudice is proper.

17        In accordance with the above, IT IS HEREBY ORDERED that:

18        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 5 and 7) is

19  granted.

20        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

21  shall be collected and paid in accordance with this court's order to the Director of the California

22  Department of Corrections and Rehabilitation filed concurrently herewith.

23  ////

24  ////

25  ////

---

[1] Moreover, public defenders acting as attorneys for criminal defendants do not act under the color of state law, an essential element of a claim under § 1983.  Tower v. Glover, 467 U.S. 914, 919–920 (1984); Polk County v. Dodson, 454 U.S. 312, 317–25 (1981).  For this separate reason, plaintiff's allegations against his public defender fail to state a claim under § 1983.

3

3. Plaintiff's complaint is dismissed with prejudice for failure to state a claim; and

4. The Clerk of Court shall close this case.

Dated:  October 16, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / yarb1972.14.new